ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2005 AUG 10 AM 8: 19
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| LARRY MOSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 105-109 |
| | ) |
| NELSON INSURANCE AGENCY, | ) |
| PROGRESSIVE PREFERRED | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

*Pro se* Plaintiff filed the captioned matter and seeks leave to proceed *in forma pauperis*. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. See Phillips v. Marshburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous, malicious, or that fails to state a claim upon which relief may be granted. See 28 U.S.C. 1915(e)(2)(B)(i) & (ii). In addition, Plaintiff filed the instant case without positing an ostensible basis for the Court's subject matter jurisdiction as required by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(a)(1). As a result, the Court is obliged to address the matter *sua sponte*.[1] For the following reasons, the Court recommends

---

[1] "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard System R. R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985)(citations omitted).

that Plaintiff's motion to proceed *in forma pauperis* (doc. no. 2) be **DENIED** as **MOOT**, and that this case be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

I.  **BACKGROUND**

The facts of this case, as alleged in Plaintiff's complaint, are simple. Plaintiff avers that his car, a 2000-model Ford Mustang, was stolen while he attended a "New Year's party" in Atlanta on December 30, 2003.[2] (Doc. no. 1, 3). Consequently, Plaintiff filed a claim with Defendants, who are insurance companies. (Id.). However, Defendants Nelson Insurance Agency and Progressive have refused to pay up, and Plaintiff seeks to force them "to pay all unpaid coverages and to pay the Plaintiff for [his] loss and suffering. (Id. at 4). Plaintiff gives Georgia addresses for both Defendants, although he also provides a Kentucky address for Defendant Progressive. (Id. at 5). Finally, Plaintiff has attached a form entitled

---

Furthermore, Rule 12(h)(3) directs, "Whenever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3)(emphasis added). The Eleventh Circuit has described the extent of the Court's obligation to consider the limits of its jurisdiction *sua sponte*:

> A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking* . . . The party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist, . . . but, since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence. . . . Thus, the party invoking the federal court's jurisdiction bears the burden of proof. . . . If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte* . . . Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.

Fitzgerald, 760 F.2d at 1251 (citations omitted).

[2]The Court is aware that New Year's Eve celebrations are usually celebrated on December 31st; nevertheless, Plaintiff gives December 30th as the date of the theft.

2

"Civil Cover Sheet" to his complaint, wherein he asserts that jurisdiction over his case exists because the United States is a plaintiff, but also seems to assert that the parties have diverse citizenship. (Id. at 6). Plaintiff also curiously states on this form that his "demand" is $250.00. (Id.).

Also of note, Plaintiff has recently filed an amended complaint, wherein he essentially restates the allegations of his original complaint, albeit in greater detail. (Doc. no. 3). However, Plaintiff does indicate in his amended complaint that his car was found "stripped" in a vacant lot and declared a "total loss." (Id. at 1). Finally, therein Plaintiff also states that he seeks "$250.000 dallars [sic] in damages." (Id. at 2).

## II. DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 374, 377 (1994). There are two general bases for federal subject matter jurisdiction over a civil case. First, the federal district courts may exercise jurisdiction over so-called "diversity cases," wherein the opposing parties are citizens of different States and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). The district courts also have jurisdiction over cases which raise "federal questions," which is to say that the cases arise "under the Constitution, laws, or treaties of the United States."[3] 28 U.S.C. § 1331.

Here, Plaintiff's allegations, even construed liberally, are insufficient to confer

---

[3]It should also be noted that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Andrews v. Hotel Reed Nursing Home, 167 F. Supp.2d 1333, 1339 (S.D. Ala. 2001)(quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)).

3

jurisdiction upon the Court. First, Plaintiff has identified no "federal question" in this case, as he has not alleged that Defendants violated any particular federal statute or constitutional provision. 28 U.S.C. § 1331; Andrews v. Hotel Reed Nursing Home, 167 F. Supp.2d 1333, 1339 (S.D. Ala. 2001)(quoting Kirkland Masonry, Inc. v. Com'r Internal Revenue Service, 614 F.2d 532, 533 (5th Cir. 1980)("If jurisdiction is based on the existence of a federal question, the jurisdictional allegation should state that the action arises under a particular statute or provision of the Constitution and the body of the complaint must state facts showing that the case does in fact arise under federal law.").[4]

In addition, Plaintiff has also offered no basis from which to suppose that diversity jurisdiction exists. 28 U.S.C. § 1332. Even assuming that the parties are of diverse citizenship, Plaintiff's allegations do not show that the amount in controversy exceeds $75,000.00. Plaintiff's "failure to allege damages in the amount of at least $75,000 precludes this Court from exercising its diversity of citizenship jurisdiction over this action. Furthermore, a court 'is obligated to assure itself that the case involves the requisite amount in controversy.'" Andrews, 167 F. Supp.2d at 1340 (quoting Morrison v. Allstate Indemnity Co., 228 F.3d 1255, 1261 (11th Cir. 2000)). Notwithstanding the vague reference to "$250.000" in damages in Plaintiff's amended complaint, it is not apparent to the Court how the loss of a 2000-model Ford Mustang supports a claim for damages in excess of

---

[4]The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

4

$75,000.00.[5] Under these circumstances, the Court is not persuaded that Plaintiff has carried his burden of establishing jurisdiction. In sum, upon examination of Plaintiff's allegations, the Court finds that Plaintiff's claims would not support a damages recovery of $75,000.00, thereby forestalling the exercise of diversity jurisdiction.

Of course, the district courts also have jurisdiction over other types of cases, such as when the United States is a party. 28 U.S.C. §§ 1345 (United States as plaintiff) & 1346 (United States as defendant). Inexplicably, Plaintiff has averred, as discussed *supra*, that the United States is a plaintiff in this case. Regardless, there is no reason to suppose that the United States has commenced this action or is otherwise a party to the case. Nor does Plaintiff proffer any facts to suggest some other basis for jurisdiction.

In sum, Plaintiff has not provided any facts that could give rise to federal jurisdiction over his claims, and the Court must dismiss the case without prejudice. See, e.g., Andrews, 167 F. Supp.2d at 1337-40 (applying "well-pleaded complaint" rule to determine that court did not have jurisdiction over *pro se* complaint). The Court specifically notes that it cannot speculate as to whether any unpled facts exist which could conceivably give rise to jurisdiction; nor can it advise Plaintiff regarding how he may properly invoke the Court's jurisdiction. While the Court construes Plaintiff's *pro se* filings liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(*per curiam*), the Court does not have a "license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an

---

[5]It should be noted that the Court is entitled to reject unsupported "jurisdictional blandishments." Morrison, 228 F.3d at 1261. Allegations regarding the amount in controversy must be "affirmatively established" by the "underlying facts" as stated on the face of the complaint. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995)(removal case).

action. . . ." In re Unsolicited Letters to Federal Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000) (citation omitted). Liberal construction also does not entitle the Court "to conjure up unpled allegations." McFadden v. Lucas, 713 F.2d 143, 147 n.4 (5th Cir. 1983); St. John v. United States, 54 F. Supp.2d 1322, 1323 (S.D. Fla. 1999). The case must be dismissed.

## III. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice for lack of subject matter jurisdiction, and that Plaintiff's motion to proceed *in forma pauperis* (doc. no. 2) be **DENIED** as **MOOT**.

SO REPORTED and RECOMMENDED this ___ day of August, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

6

# United States District Court
## Southern District of Georgia

ATTORNEYS SERVED:

LARRY MOSS, PRO SE

CASE NO: CV105-109

DATE SERVED: 08/10/05

SERVED BY: JOE HOWELL

☐ Copy placed in Minutes
☐ Copy given to Judge
☑ Copy given to Magistrate